IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**YAMEKA HENDERSON**                                                              **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 3:17-cv-845-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF EDUCATION;**
**J.P. BEAUDOIN, individually and in his official**
**capacity; PAULA V. VANDERFORD,**
**individually and in her official capacity; and**
**JOHN DOES 1-10**                                         **DEFENDANTS**

**Affidavit of Cerissa Neal**

State of Mississippi

County of Madison

      1.      My name is Cerissa Neal and I am an adult resident citizen of Madison County, Mississippi. I have knowledge of the facts stated in this affidavit and am competent to provide testimony. I am over 18 years of age, of sound mind and fully competent to give this affidavit.

      2.      I was employed with the Mississippi Department of Education (hereinafter referred to as "MDE" from April 2013 to November 2015. During my tenure at MDE, I was the Bureau Director for the Office of Educator Quality. As Bureau Director for the Office of Educator Quality, the Office of Educator Misconduct was under my direct supervision.

      3.      The Office of Educator Misconduct has numerous duties. For the most part those duties include: providing professional development to promote ethical conduct by all licensed, public school educators in Mississippi, as set forth in the MS Educator Code of Ethics and Standards of Conduct; preparing for, as well as scheduling, hearings before the Commission on Teacher and Administrator Education, Certification and Licensure and Development when an educator has acted unethically; communicating with courts, districts, and educators, when

**EXHIBIT D**

violations of the MS Educator Code of Ethics and Standards of Conduct and/or Miss. Code Ann. § 37-3-2 (11) or (12) are reported; evaluating licensure applications from applicants who have violated Miss. Code Ann. § 37-3-2-(11) and scheduling hearings if needed; and reporting Mississippi educators/applicants whose licenses have been surrendered, suspended, revoked, and/or denied to other state agencies.

4. Yameka Henderson worked in the office of Educator Misconduct under my supervision for approximately three years from April 2013 until November 2015. Ms. Amy Daniel was Ms. Henderson's immediate supervisor in the office of Educator Misconduct until Ms. Daniel's termination in October 2015. I served as supervisor to Amy Daniel, who supervised Ms. Henderson. After Ms. Daniel's termination, I served as Ms. Henderson's immediate supervisor.

5. Ms. Henderson's duties in the Office of Educator Misconduct as Projects Officer III, included but was not limited to communicating with school districts when violations of the MS Educator Code of Ethics and Standards of Conduct and/or Miss. Code Ann. § 37-3-2 (11) or (12) are reported; assisting with scheduling of Commission meetings; assisting Commission members with their travel arrangements when attending monthly meetings, preparing Commission agenda items; and assisting with maintaining accurate monthly statistics.

6. While under my supervision at MDE, Ms. Henderson was a hard worker, team player, always had a pleasant attitude and was willing to assist with any task assigned to her. In addition to Ms. Henderson's duties as Project Officer, III, she also performed additional duties as Bailiff to the Licensure Commission. To my knowledge the Licensure Commission members enjoyed interacting with Ms. Henderson, as she was warm and friendly, while assisting them in any way needed.

7.      Because of Ms. Henderson's continued dedication and strong work ethic, she was the MDE employee of the month in May 2014 and in February 2015, I also recommended promoting her to Education Specialist, Sr. In support of my recommendation to promote Ms. Henderson, I completed the MDE Promotion Request form attached hereto as Exhibit "1". As expected, Ms. Henderson was awarded the promotion.

8.      Sometime in August 2015, J.P. Beaudoin was hired by MDE to serve as the Chief Research & Development Officer. Mr. Beaudoin was my supervisor. I never recommended to Mr. Beaudoin that he terminate Ms. Henderson due to poor work performance. In fact, to the contrary, as I stated above, under my supervision at MDE, Ms. Henderson effectively and efficiently prioritized and completed all tasks assigned.

9.      When Mr. Beaudoin assumed his duties as the Chief Research & Development Officer, the Office of Educator Misconduct had been operating effectively to serve the needs of school districts throughout the state, but most importantly the students and their families. The Office of Educator Misconduct, under my supervision, actively investigated allegations of professional wrong doing by educators. In fact, in June 2015, Ms. Holley Haywood joined the Office of Educator Misconduct as an investigator to ensure that all allegations of misconduct were thoroughly investigated.

10.     It is undisputed that the Office of Educator Misconduct had a heavy case load. However, the heavy case load, which was perceived by Mr. Beaudoin as a back log, was not due to the lack of professional due diligence of the Office of Educator Misconduct. Some of the reasons for the heavy case load were the result of things beyond the control of the Office of Educator Misconduct such as: (1) the number of citizen complaints of educator misconduct; (2) the difficulty in scheduling commission hearings to ensure a quorum of commission members as required by

Mississippi law; and (3) failure of school districts to report misconduct and/or provide the requested documentation needed to thoroughly investigate claims.

11. Mr. Beaudoin was consumed with decreasing the perceived back log, so he ordered me and my staff to quickly close misconduct cases without performing a thorough investigation. Specifically, Mr. Beaudoin requested that I close Standard 4 cases without completing a thorough investigation. Standard 4 cases generally involve educators engaging in sexual contact with a student. Because closing Standard 4 cases without a thorough investigation could result in sexual predators remaining in the classroom with students, I attempted to address Mr. Beaudoin about his unethical tactics to reduce his perceived case back log in the Office of Educator Misconduct.

12. Because of Mr. Beaudoin's prejudices and biases towards women and African Americans, Mr. Beaudoin, had a problem with me, a white female, addressing him about his unethical tactics to close out Section 4 cases without a thorough investigation. Specifically, on one occasion, Mr. Beaudoin, requested that I close a Section 4 case in north Mississippi where there were allegations that an educator was engaging in sexual relations with students. Mr. Beaudoin requested that I direct Ms. Haywood to discontinue her investigation and simply close the case. Shortly after I expressed by concerns to Mr. Beaudoin, I was terminated on or about November 30, 2015.

13. Mr. Beaudoin frequently engaged in a pattern of discriminatory conduct towards women and African Americans forcing us to endure a hostile work environment. Prior to my termination, Mr. Beaudoin told me that I needed to fire Ms. Daniels, a white female, to prevent Melissa Hall, an African American employee, from claiming she was the victim of race discrimination. Ms. Daniels was terminated on October 9, 2015 due to Mr. Beaudoin's recommendation.

14. Ms. Henderson witnessed Mr. Beaudoin's harassment towards me, other female employees, and African Americans. Mr. Beaudoin told Ms. Henderson and Ms. Haywood that they were the only "two animals in the zoo" that could have potential linked confidential information in a pending case. Ms. Henderson and Ms. Haywood are both African American females.

15. After my wrongful termination by Mr. Beaudoin from MDE, I filed a charge for gender discrimination and a hostile work environment with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Mr. Beaudoin and MDE. By a letter dated March 10, 2016, the EEOC forwarded me MDE's response to my discrimination charge. Mr. Beaudion was aware of my charge of discrimination against him and MDE because he provided information regarding my work performance in the preparation of MDE's response.

16. On March 30, 2016, I submitted my rebuttal to MDE's response to my charge. In my rebuttal, I specifically detailed the harassment both Ms. Henderson and Ms. Haywood encountered by Mr. Beaudoin as a result of my charge with the EEOC.

17. I specifically referenced the "animals in the zoo" comment made by Mr. Beaudoin to Ms. Henderson and Ms. Haywood.

18. On April 7, 2016, I submitted a witness list that included Ms. Henderson, Ms. Haywood, Demetrice Watts, and Albert Carter.

19. On May 6, 2016, I wrote a letter to Sonya Boyd, the investigator assigned to my EEOC claim informing her shortly after I submitted my witness list, all four my witnesses that worked under the supervision of Mr. Beaudoin, were retaliated against because they were reassigned, relocated and/or demoted. A copy of the letter is attached hereto as Exhibit "2".

20. The letter specifically states that Mr. Beaudoin reassigned, relocated and/or demoted my witnesses to intimidate them because they had first-hand knowledge of my claim. I also wrote an email to Ms. Henderson on June 28, 2016 providing her with a copy of my letter dated May 6, 2016 and requesting that she provide the information to the investigator assigned to investigate her claim. *See* Exhibit "2".

FURTHER, Affiant sayeth not.

*Cerissa Neal*
CERISSA NEAL

STATE OF MISSISSIPPI
COUNTY OF Hinds

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named Cerissa Neal who first being duly sworn, did state upon her oath and acknowledged to me that she signed the above and foregoing Affidavit on the day and year therein and for the purposes therein mentioned and that the matters and things therein stated are true and correct.

SWORN TO AND SUBSCRIBED BEFORE ME this, the 21st day of October, 2018.

*Lakecia R. Williams*
NOTARY PUBLIC

08-27-2019
My Commission Expires

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID #113595 LAKECIA RENEE WILLIAMS Commission Expires Aug. 27, 2019 COPIAH COUNTY]

OFFICE OF HUMAN RESOURCES
FEB 0 9 2015
RECEIVED

Form P-2
Rev. 5/11

## MISSISSIPPI DEPARTMENT OF EDUCATION
## EMPLOYMENT, PROMOTION OR TRANSFER REQUEST

CHECK ONE:  Employ ◯   Promote ⦿   Transfer ◯

PIN# 486   OCCU TITLE: Educ Specialist, Senior   OCCU CODE: 1869

TYPE POSITION: Perm. FT ⦿   Perm. PT ◯   TL/FT ◯   TL/PT ◯

SDE ⦿   MSD ◯   MSB ◯   Months ___   Hours ___

**FUNDING SOURCE**

AGENCY CODE: 201   PROGRAM NAME: Educator Quality
ACCOUNT CODE: 2201   REPORTING CATEGORY: A814   ACTIVITY CODE: EA14 ✓
ORGANIZATIONAL CODE: 2401   SUB ORG CODE: ___

**APPLICANT'S NAME:** Henderson, Yameka Carr   SS# 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
DATE OF BIRTH: 05/30/1973   RACE: B   SEX: F
REQUESTED DATE OF ACTION: 02/01/2015  4.1.15
IF PROMOTION/TRANSFER: PRESENT PIN#: 81
PRESENT OCCU TITLE: Projects Officer III, Special

Currently paid additional duty stipend. Retain to Special Duty Pay

PRESENT YEARLY SALARY: $ 34,946.43   PER YR. Promotional Formula
REQUESTED YEARLY SALARY: $ 36,800.00   PER YR. $41,512.86 CN

**RECOMMENDED BY**
BUREAU DIRECTOR/MANAGER: Cerissa Neal   DATE: 02/02/2015
OFFICE/BUREAU NAME: Educator Quality
DEPUTY SUPERINTENDENT: _____   DATE: 2/5/15

**BUDGET OFFICE APPROVAL**
BUDGET PERSONNEL: Sharon O. Rowell   DATE: 3/10/15
YEARLY SALARY AUTHORIZED: $41,512.86   AUTHORIZED EFFECTIVE DATE: 4/1/15

**APPROVED BY**
STATE SUPERINTENDENT/DEPUTY SUPERINTENDENT: _____   DATE: 3/6/15

**ACTION BY HUMAN RESOURCES:**
Copy of P-2 sent to:
Payroll _____   Budget _____
Assoc. Supt _____   MIS _____
Bureau Director _____

**EXHIBIT 1**

RECEIVED
MAR 1 0 2015
BUDGET & PLANNING



MDE 50
(Henderson 845)

May 6, 2016

Cerissa Neal
104 Concord Place
Madison, MS 39110

Sonya Boyd
U.S. Equal Employment Opportunity Commission
100 West Capitol Street, Suite 338
Jackson, MS 39209

Re: EEOC Charge Number: 423-2016-00431

Dear Mrs. Boyd:

Please be advised that four individuals previously submitted to your office as witnesses, all of whom work under the supervision of Dr. J.P. Beaudoin, were reassigned, relocated, and/or demoted after submitting the list of witnesses to you for consideration in the investigation of the above-referenced charge.

All four individuals are African American and three of the four are females. This action, while further distancing each of them further from his supervision, is further evidence of hostility against females and African Americans and, more importantly, is a clear attempt to intimidate them. They all four are vital to my charge as they have first-hand knowledge of the situation resulting in my charge.

Furthermore, I have learned that contracts I'd initiated with minority-owned businesses have been terminated without following the process outlined in the contracts and/or have not been paid according to the contracts – all fully executed according to the terms of the MDE and state law. Those contracts include:

Dr. Earl Watkins (African American) – terminated without following rules established in the contract.

David Hunt (African American) – verbal termination of existing contract, not paid according to terms of the contract.

Renee Mader (Vietnamese) – verbal termination, contract not executed as agreed.

Joseph Kyles (African American) – not paid for services rendered.

There exists clear and compelling evidence that supports my accusation that Dr. J.P. Beaudoin violates Federal laws regarding discrimination of women and other minorities that negatively impacted my employment; thereby, resulting in my EEOC charge. Please accept this letter as continued

**EXHIBIT 2**

documentation to support the investigation of the harassment and hostile work environment that existed as a female and continues through intimidation of other employees who can validate my complaint.

Respectfully,

Cerissa Neal


Cc: U.S. Congressman Bennie Thompson

 Gmail

Shantae Carr <yamekah@gmail.com>

## EEOC
2 messages

---

**Cerissa Neal <ceneal03@gmail.com>**  Tue, Jun 28, 2016 at 3:49 PM
To: Shantae Carr <yamekah@gmail.com>

Yameka,

My EEOC charge number is 423-2016-00431 and my investigator is Sonya Boyd.
I submitted my rebuttal to the MDE's response to my charge March 30, 2016, in which I detailed the harassment both you and Holley were encountering as a result of my EEOC complaint against JP and as further documentation/evidence of the harassment females encountered by JP. Specifically, I referenced the "animals in the zoo" reference made about you and Holley.

April 7th I submitted a witness list that contained your name and contact number and detailed how you could assist in the investigation.

May 6th, after your demotion as a result of your willingness to participate in the investigation, I forwarded a statement to the EEOC to be included in my response that noted your demotion and also the reassignment/demotions of Holley, Demetrice, and Albert - all African Americans and all who indicated they would willingly participate in the investigation and share your personal accounts of the harassment I endured and further evidence of the harassment of other females and African Americans.

I am sorry that JP continued to retaliate against you.

Please ask your investigator to consult my file and use it as additional documentation to support your charge as it has been on the record long before your demotion and subsequent termination of employment.

Respectfully,

Cerissa

📎 EEOC Doc 3 May 6.2016.pdf
128K

---

**Shantae Carr <yamekah@gmail.com>**  Wed, Jun 29, 2016 at 6:58 AM
To: Cerissa Neal <ceneal03@gmail.com>

Thanks, I will contact her today. This will be very helpful.

Yameka
[Quoted text hidden]